IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TARA SMITH<br>10500 McCracken Blvd.<br>Garfield Heights, Ohio 44125 | )<br>)<br>)<br>)<br>) | CASE NO:<br><br>JUDGE |
| Plaintiff, | ) | |
| v. | )<br>) | **COMPLAINT FOR INJUNCTIVE<br>RELIEF AND DAMAGES** |
| SAFEGUARD PROPERTIES<br>MANAGEMENT, LLC<br>c/o Corporation Service Company<br>50 West Broad Street Suite 1330<br>Columbus, Ohio 43215 | )<br>)<br>)<br>)<br>)<br>) | <u>(Jury Demand Endorsed Herein)</u> |
| -and- | ) | |
| ALLIANCE SOLUTIONS GROUP, LLC<br>4500 Rockside Road, Suite 210<br>Independence, Ohio 44131 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff Tara Smith, by and through undersigned counsel, as her Complaint against Defendants, states and avers the following:

## INTRODUCTION

1. Smith is a resident of the city of Garfield Heights, county of Cuyahoga, and state of Ohio.

2. Safeguard Properties Management, LLC. ("Safeguard") is a foreign LLC that conducts business within the state of Ohio.

3. Safeguard is an employer, pursuant to 42 U.S.C. § 12111.

4. Safeguard is an employer, pursuant to Ohio Rev. Code § 4112.

5. Alliance Solutions Group, LLC ("Alliance") is a domestic LLC with its principal place of business located at 4500 Rockside Road, Suite 210, Independence, Ohio 44131.

6. Alliance is an employer, pursuant to Ohio Rev. Code § 4112.

7. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Smith is alleging federal law claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

8. Within 300 days of the conduct alleged below, Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2019-00299.

9. On April 5, 2019 Smith received a Right to Sue letter, dismissing Charge No. 532-2019-00299, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

10. Smith has properly exhausted her administrative remedies.

11. Smith files this Complaint within 90 days of receiving her Right to Sue letter from the EEOC.

12. All material events alleged in this Complaint occurred in Cuyahoga County.

13. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

14. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

16. Smith incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

17. Alliance is a staffing agency that provides temporary employees to their customers.

18. Safeguard is a property management company.

19. Safeguard is one of Alliance's customers.

20. Safeguard hired Smith as a temporary employee, through Alliance, in or around May 2016.

21. Safeguard and Alliance were Smith's joint employers.

22. Smith was an account representative at Safeguard's offices located at 7887 Safeguard Circle, Valley View, OH 44125.

23. Prior to May 2016, Smith was diagnosed with detached retinas, which causes lost vision.

24. Smith's detached retinas substantially limit one or more major life activity, including seeing.

25. Smith's detached retinas impair her vision.

26. Smith's detached retinas prevent her from driving.

27. Smith, as a result of her detached retinas, is disabled for the purposes of the ADA.

28. Alternatively, Defendants regarded Smith as disabled, as a result of Smith's detached retinas.

29. Notwithstanding any disability, actual or perceived, Smith remained, at all times material herein, fully qualified for the position of account representative at Safeguard.

30. In 2017 Smith requested the reasonable accommodation of working from home.

31. Smith requested the reasonable accommodation of working from home because she is unable to drive herself to Safeguard's offices.

32. Safeguard has a significant number of account representatives working from home.

33. Beginning in January 2018, Smith was given the reasonable accommodation of working from home.

34. In or around August 2018, Carrie Tackett became Smith's manager.

35. On or about August 27, 2018, Smith met with Tackett to discuss Tackett's new role as Smith's manager.

36. During the August 27, 2018 meeting, Tackett asked Smith what was wrong with her eyes.

37. During the August 27, 2018 meeting, Smith informed Tackett that she suffered from detached retinas and was unable to drive.

38. On or about August 29, 2018, Smith was working from home.

39. On or about August 29, 2018 Tackett called Smith in the middle of the workday and requested that Smith come in for the remainder of the day.

40. During the August 29, 2018 phone call, Tackett informed Smith that she was no longer able to work from home.

41. During the August 29, 2018 phone call, Tackett told Smith that she needed to start working in the office every day, and she could wear sunglasses or a hat.

42. On or about August 31, 2018, Smith had a pre-approved day off for an eye doctor appointment.

43. Tackett was incredulous that Smith would need an entire day off due to a doctor appointment.

44. After the August 31, 2018 eye doctor appointment, Smith was unable to return to work until September 5, 2018.

45. On or about September 4, 2018, Smith called Michael Greenbaum, Safeguard's Chief Operations Officer, to complain that her reasonable accommodation of working from home was revoked by Tackett.

46. On September 5, 2018, before Smith's transportation to the office even arrived, Smith was notified by Alliance that Safeguard ended her assignment.

47. Safeguard's refusal to accommodate Smith was in contravention of the ADA.

48. Defendants terminated Smith because she was disabled.

49. Alternatively, Defendants terminated Smith because Defendants regarded Smith as disabled.

50. Defendants' termination of Smith, because of Smith's disability, actual or perceived, was in contravention of the ADA and Ohio Rev. Code § 4112.

51. Defendants' termination of Smith, in retaliation for Smith's request for an accommodation, was in contravention of Ohio Rev. Code § 4112.

52. After Smith's termination, Smith contacted Alliance for a subsequent employment assignment.

53. Alliance did not respond to Smith's request for reassignment.

54. As a result of Defendants' unlawful acts, Smith has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT I: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA
(Against Safeguard Only)

55. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. Throughout her employment, Smith was fully competent to perform the duties of her position at Safeguard.

57. Smith is and, at all times material herein, was disabled.

58. Smith repeatedly requested reasonable accommodations of Safeguard.

59. Safeguard repeatedly refused to engage in an interactive dialog with Smith concerning Smith's requested accommodations.

60. Safeguard revoked Smith's reasonable accommodations.

61. Safeguard refused to reinstate Smith's reasonable accommodations.

62. Safeguard's refusal to engage in an interactive dialog was in violation of 42 U.S.C. § 12112.

63. Safeguard's refusal to accommodate Smith's disability was in violation of 42 U.S.C. § 12112.

64. As a result of Safeguard's unlawful conduct, Smith has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT II: WRONGFUL TERMINATION IN VIOLATION OF THE ADA
### (Against Safeguard Only)

65. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Throughout her employment, Smith was fully competent to perform the duties of her position at Safeguard.

67. Smith, at all times material herein, was disabled.

68. Safeguard terminated Smith because of Smith's disability and/or because Safeguard regarded Smith as disabled.

69. Safeguard's termination of Smith, because of Smith's disability and/or Safeguard's perception of Smith as disabled, was in violation of 42 U.S.C. § 12112.

70. As a result of Safeguard's unlawful conduct, Smith has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT III: DISABILITY DISCRIMINATION

71. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

72. Throughout her employment, Smith was fully competent to perform the duties of her position at Safeguard.

73. Smith, at all times material herein, was disabled.

74. Defendants terminated Smith because of Smith's disability and/or because Defendants regarded Smith as disabled.

75. Defendants' termination of Smith, because of Smith's disability and/or Defendants' perception of Smith as disabled, was in violation of R.C. § 4112.02.

76. As a result of Defendants' unlawful conduct, Smith has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT IV: RETALIATION

77. Smith incorporates by reference the allegations from the preceding paragraphs as if fully restated herein.

78. Smith engaged in activity protected by R.C. § 4112.

79. Defendants terminated Smith in retaliation for Smith engagement in activity protected by R.C. § 4112.

80. Defendants' termination of Smith was in contravention of R.C. § 4112.

81. As a result of Defendants' unlawful conduct, Smith has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT V: AIDING AND ABETTING IN VIOLATION OF OHIO REV. CODE § 4112.02 (J)
### (Against Alliance Only)

82. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

83. Pursuant to Ohio Rev. Code § 4112.02 (J), it is unlawful for any person to aid or abet unlawful discrimination.

84. Smith was in a protected class because of her disability, pursuant to Ohio Rev. Code § 4112.

85. In terminating Smith's employment at Safeguard's direction, Alliance aided and abetted Safeguard in unlawful discrimination based on disability.

86. As a result of Alliance's unlawful conduct, Smith has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## COUNT VI: AIDING AND ABETTING IN VIOLATION OF OHIO REV. CODE § 4112.02 (J)
### (Against Safeguard Only)

87. Smith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Pursuant to Ohio Rev. Code § 4112.02 (J), it is unlawful for any person to aid or abet unlawful discrimination.

89. Smith was in a protected class because of her disability, pursuant to Ohio Rev. Code § 4112.

90. In directing Alliance to terminate Smith's employment, Safeguard aided and abetted Alliance in unlawful discrimination based on disability.

91. As a result of Safeguard's unlawful conduct, Smith has suffered, and will continue to suffer, pecuniary damages and emotional harm.

## CONCLUSION

Plaintiff Tara Smith, seeks judgment against each Defendant. in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

Respectfully Submitted,

/s/ *Claire I. Wade*
Claire I. Wade (0093174)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney For Plaintiff Tara Smith*

## JURY DEMAND

Plaintiff Tara Smith demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade*_____
Claire I. Wade (0093174)

*Attorney for Plaintiff Tara Smith*